UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DESMOND JABARI CAMPBELL, | Case No. 3:17-cv-00797 |
| Plaintiff, | |
| v. | Chief Judge Waverly D. Crenshaw, Jr. |
| | Magistrate Judge Alistair E. Newbern |
| RUTHERFORD COUNTY, TENNESSEE, et al., | |
| Defendants. | |

To: The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

This matter has been referred to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B). (Doc. No. 10.)

Now before the Court is a motion for leave to amend the complaint filed by Plaintiff Desmond Jabari Campbell (Doc. No. 12) and a motion to dismiss for insufficient process filed by Defendants Rutherford County, Tennessee; Rutherford County Mayor Ernest Burgess; Superintendent Bernard Salandy; the Rutherford County Adult Detention Center (RCADC); and the Rutherford County Correctional Work Center (RCCWC) (Doc. No. 21). Defendants have not responded in opposition to Campbell's motion to amend, nor has Campbell opposed their motion to dismiss. For the reasons offered below, the Magistrate Judge RECOMMENDS that Campbell's motion to amend (Doc. No. 12) be DENIED AS MOOT, that Defendants' motion to dismiss (Doc. No. 21) be GRANTED, and that the action be DISMISSED WITHOUT PREJUDICE.

## I.      Factual and Procedural History

Campbell is a Muslim who alleges that he experienced religious discrimination while he was incarcerated at the RCADC and the RCCWC. (Doc. No. 1, PageID# 5; Doc. No. 12-1,

PageID# 60–66.) When Campbell arrived at the RCADC on June 16, 2015, he informed "the sheriff's department staff[] that he was a Muslim, and would be participating in Ramadan, ([a] Holy Muslim Month[]), [which] was to begin on June 17, 2015." (Doc. No. 12-1, PageID# 59, ¶ 4.) Campbell also requested a copy of the Quran, a prayer rug, and a traditional kufi cap. (*Id.* at PageID# 60, ¶ 5.) Campbell claims that the staff of the RCADC responded by denying him an "equal opportunity to exercise his religion of choice freely." (*Id.* at PageID# 60, ¶ 10.) His request for these "specific religious artifacts" was denied, and he states that he was forced to eat meals in a facility where pork was served, which made it impossible for him to meet his "religious dietary requirements." (*Id.* at PageID# 60, ¶¶ 5–7.) He also claims that he was deprived of a "clean area outside to pray" and other Muslims to pray with. (*Id.* at PageID# 60, ¶ 9.)

Campbell claims that his rights continued to be violated after he was transferred to the "Work House" on June 23, 2015, despite having informed "the intake staff of his religious status." (*Id.* at PageID# 60, ¶ 11.) After meeting with the nurse at the RCCWC, Campbell thought it was understood that he "would not go outside to work until the Holy Month of Ramadan was over" due to his inability "to eat and drink regularly." (*Id.* at PageID# 61, ¶ 15.) But Campbell was cleared "to go outside and work" and was told that his "[r]eligious status . . . [was] only . . . valid when in detainment." (*Id.* at PageID# 61, ¶ 17.) RCCWC staff also occasionally prevented Campbell from complying with the Ramadan fast by delivering food to him at times when he was prohibited from eating. (*Id.* at PageID# 63, ¶ 28.) Campbell's request to celebrate the end of Ramadan with a feast was denied, as was his request for an "easterly coordinate" towards which to face during prayer, "rendering all prayers null and void." (*Id.* at PageID# 63, ¶ 31.) Campbell was released on November 22, 2015. (*Id.* at PageID# 64, ¶ 38.)

Campbell filed this lawsuit pro se against Defendants Rutherford County, Murfreesboro Mayor Shane McFarland, the RCADC, the RCCWC, former Sheriff Robert Arnold, Superintendent Salandy, and Rutherford County Mayor Burgess on May 3, 2017, alleging violations of his First and Fourteenth Amendment rights; the Religious Land Use and Institutionalized Persons Act (RLUIPA); the Religious Freedom and Restoration Act (RFRA); the Detainee Treatment Act (DTA); 18 U.S.C. §§ 242 and 247; and 42 U.S.C. §§ 1983 and 1985. (Doc. No. 1, PageID# 1.) On the same day, Campbell filed an application to proceed in forma pauperis (Doc. No. 2), which the Court rejected as "almost certainly inaccurate." (Doc. No. 4, PageID# 29.) The Court directed Campbell to pay the $400.00 filing fee in full or submit an amended IFP application within thirty days, and warned him that failure to do so could result in dismissal of his action for failure to prosecute. (*Id.*)

On June 27, 2017, the Court dismissed Campbell's lawsuit without prejudice because thirty days had passed and Campbell had "failed to file the amended application required for the Court to determine his entitlement to proceed with this lawsuit *in forma pauperis.*" (Doc. No. 7, PageID# 46.) However, the order of dismissal was in error—Campbell had, in fact, paid the filing fee. (Doc. No. 10, PageID# 49.) Therefore, on July 17, 2017, the Court vacated the dismissal (Doc. No. 8) and reopened Campbell's case. (Doc. No. 10, PageID# 49.) The Court advised Campbell that, because he is not proceeding in forma pauperis, "he is responsible for effective service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure." (*Id.*)

On November 27, 2017, the Court informed Campbell that he had not filed any proof of service as required by Federal Rule of Civil Procedure 4(l)(1). (Doc. No. 11, PageID# 51.) The Court explained that Rule 4 "requires that a summons and copy of the complaint be served upon each defendant by a person who is at least 18 years of age and not a party to the action" and that,

"[w]hen service is not made by the U.S. Marshal or deputy marshal or waived, proof of service must be made to the Court by filing the server's affidavit." (*Id.*) Prior to the mistaken dismissal of his lawsuit, Campbell had filed a statement saying that "his verified complaint and summonses were served on Defendants Jones, Burgess, and Salandy, the [RCCWC], and Rutherford County, Tennessee," and that his verified complaint "ha[d] been served on City Attorney Craig Tindall and Defendants McFarland, Arnold, and the [RCADC]." (*Id.* (quoting Doc. No. 6, PageID# 44–45).) The Court warned Campbell that his statement was not "sufficient to meet Rule 4's requirement of proving service to the Court" and ordered him "to file proof of service as required by Rule 4— by the affidavit of a person qualified to serve a summons or complaint or as otherwise permitted— on or before December 27, 2017." (*Id.* at PageID# 52.) Campbell was advised that "[f]ailure to provide proof that any defendant was served within the time provided for service of process under Rule 4(m) may result in the recommendation that [his] action against the unserved defendant be dismissed without prejudice." (*Id.* (quoting Fed. R. Civ. P. 4(m)).)

On December 22, 2017, summonses were issued to all Defendants (Doc. No. 13) and Campbell filed a motion to amend his complaint in order to properly name the RCCWC and correct the "premature . . . language" of the original complaint. (Doc. No. 12, PageID# 53–54.) On January 11, 2018, the summonses were returned executed, and Campbell filed another statement with the Court in an apparent effort to prove service. (Doc. Nos. 14–20.) In a document entitled "Certificate of Service," Campbell offers a signed statement that an unidentified "pleading" was served on Defendants. (Doc. No. 14, PageID# 79.)

Defendants Rutherford County, Rutherford County Mayor Burgess, Superintendent Salandy, the RCADC, and the RCCWC have filed a motion to dismiss under Rule 12(b)(4) for insufficient process. (Doc. No. 21, PageID# 99.) They argue that the proof of service that Campbell

filed is not an affidavit and is therefore "fatally defective," and that, even if it were not, Campbell still violated the Court's November 27, 2017 order by failing to file proof of service by December 27, 2017. (Doc. No. 22, PageID# 104.) Defendants also argue that, to comply with Rule 4(m), Campbell should have served them with his original complaint within ninety days of its filing in May 2017. (*Id.*) Campbell has not responded in opposition to the motion to dismiss.

## II.      Legal Standard

"[T]he requirement of proper service of process 'is not some mindless technicality,'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs." *Ace Am. Ins. Co. v. Meadowlands Developer Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'") (quoting *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992)). Without personal jurisdiction being properly established, a court cannot exercise its authority consistent with due process of law. *Friedman*, 929 F.2d at 1156.

Rule 4(c) provides that "[a] summons must be served with a copy of the complaint" and that such service must occur within the time allowed by Rule 4(m), ninety days from the time the complaint is filed. Fed. R. Civ. P. 4(c), 4(m). However, if the plaintiff can show good cause for failing to effect service within the period allowed by Rule 4(m), the Court "must extend the time

for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 6(b)(1) (allowing extension of procedural deadlines for good cause). Even when a plaintiff has not shown good cause, the Court may exercise its discretion to permit late service. *See* Fed. R. Civ. P. 4(m) advisory committee's note to the 1993 amendment ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown"); *see also Stewart v. Tenn. Valley Auth.*, No. 99-5723, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000) (citing *Henderson v. United States* 517 U.S. 654, 662 (1996)); *Overbay v. Israel*, No. 2:16-CV-00337-TAV, 2017 WL 1377374, at *3–5 (E.D. Tenn. Mar. 24, 2017); *Dunham-Kiely v. United States*, No. 3:08-CV-114, 2010 WL 1882119, at *4–5 (E.D. Tenn. May 11, 2010).

In considering whether to exercise the discretion to permit untimely service, courts consider:

> [W]hether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than the inherent 'prejudice' in having to defend the lawsuit; (3) whether the defendant had actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiff[ ], *i.e.*, cause the plaintiff['s] suit to be time-barred . . . ; and (5) whether the plaintiff [has] made diligent, good faith efforts to effect proper service of process.

*Overbay*, 2017 WL 1377374, at *5 (alterations in original) (quoting *Treadway v. Cal. Prods. Corp.*, No. 2:13-CV-120, 2013 WL 6078637, at *6 (E.D. Tenn. Nov. 19, 2013)).

Regardless of whether the Rule 4(m) service period is extended, a plaintiff must generally prove that service has been effected. Rule 4(l) provides that, "[u]nless service is waived, proof of service," usually the server's affidavit, "must be made to the court." Fed. R. Civ. P. 4(l)(1). However, "[f]ailure to prove service does not affect the validity of service," and the Court "may permit proof of service to be amended." Fed. R. Civ. P. 4(l)(3).

A defendant may move to dismiss a complaint for insufficient process under Rule 12(b)(4), or for insufficient service of process under Rule 12(b)(5). Fed. R. Civ. P. 12(b)(4), 12(b)(5). The difference between those grounds for dismissal, "which is not always clear, nor always observed," *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (quoting *United States v. Hafner*, 421 F.Supp.2d 1220, 1222 n.3 (D.N.D. 2006)), is that a 12(b)(4) motion concerns "the form of process"—*i.e.*, the content of the summons—while a 12(b)(5) motion challenges "the manner or method of [its, or the complaint's,] service." *Buck Mountain Cmty. Org. v. Tenn. Valley Auth.*, 629 F. Supp. 2d 785, 792 n.5 (M.D. Tenn. 2009); *see also Phillips v. Tenn. Hotel Supply*, No. 1:04-CV-353, 2006 WL 897985, at *1 (E.D. Tenn. Apr. 4, 2006) (explaining that, "[t]echnically, . . . a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons") (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed.2004)). Because Defendants' motion focuses on Campbell's failure to comply with Rules 4(m) and 4(l), it is more aptly characterized as an attack on the manner of service under Rule 12(b)(5) and will be construed as such. *See Thomas v. Navient Sols., Inc.*, No. 2:17-CV-12232, 2018 WL 3141946, at *2 (E.D. Mich. June 27, 2018); *see also Buck Mountain Cmty. Org.*, 629 F. Supp. 2d at 792 n.5.

## III.    Analysis

Defendants argue that Campbell should have served them within ninety days of his original complaint's filing on May 3, 2017, but that he waited until December 22, 2017, to have summonses issued. (Doc. No. 22, PageID# 104.) Although Campbell has not responded to Defendants' motion to dismiss, his motion to amend provides some insight into why he proceeded as he did.

Campbell states that, when his in forma pauperis application was denied, it was his understanding "that ALL court documents [he had] filed with the court . . . were to be DISMISSED." (Doc. No. 12, PageID# 55.) If Campbell thought that denial of his IFP application, and the subsequent erroneous dismissal of his case, nullified the complaint and any efforts he had made to prove service, it makes sense that, after his case was reinstated, he sought to file a new complaint and restart service of process. This could provide a basis for extending the service period. *But see Webb v. Dallas Area Rapid Transit*, No. 3:17-CV-878-M-BN, 2017 WL 4082445, at *1 (N.D. Tex. Aug. 22, 2017) (collecting cases for the proposition that the filing of an amended complaint does not restart Rule 4(m)'s ninety-day clock).

Yet the Court need not determine whether Campbell's confusion amounts to good cause to extend the service period under Rule 4(m) because even if Campbell's efforts on December 22, 2017, were deemed timely, he has failed to prove that they were successful. Defendants correctly note that Rule 4(l)(1) "requires an affidavit of service," and that Campbell's attempt at proof, which lacks an affidavit, "is fatally defective."[1] (Doc. No. 22, PageID# 104.) Campbell's most recent effort to prove service consists of a signed "Certificate of Service" filed in connection with the summonses that were returned executed on January 11, 2018, and states that an unidentified pleading had been served on Defendants. (Doc. No. 14, PageID# 79.) This attempt at service mirrors his earlier effort, which the Court warned Campbell was not "sufficient to meet Rule 4's requirement of proving service to the Court." (Doc. No. 11, PageID# 52 (citing Doc. No. 6, PageID# 43–45).) Campbell's certificate of service is signed, but it is not "a 'sworn statement in writing made . . . under an oath or on affirmation before . . . an authorized officer.'" *Sfakianos v.*

---

[1] Although there are circumstances in which the server's affidavit or its equivalent is not required to prove service, none applies here. *See* Fed. R. Civ. P. 4(l)(1).

*Shelby Cty. Gov't*, 481 F. App'x 244, 245 (6th Cir. 2012) (quoting *Mason v. Clark*, 920 F.2d 493, 495 (8th Cir. 1990)). Nor is it verified in a way that would make it a substitute for an affidavit. *See* 28 U.S.C. § 1746 (explaining that, whenever federal law requires that a matter be proved by affidavit, that matter may also be proved through use of the following: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."). But even if it had been, it would still be insufficient proof of service because (1) it is not clear which complaint, if any, was served on Defendants with the summonses and (2) Campbell, as a party to this lawsuit, cannot be the process server.[2] *See* Fed. R. Civ. P. 4(c)(1)–(2); *see also Christian v. Delta Airlines*, No. 2:16-CV-02672-JTF-CGC, 2017 WL 9440784, at *2 (W.D. Tenn. June 9, 2017).

Although it is within the Court's discretion to further extend the deadline for proper service of process and proof of it, such an extension is not appropriate here. *See* Fed. R. Civ. P. 4(m), 4(l)(3). Defendants have received actual notice of this lawsuit and an additional extension of the service period would not cause them any prejudice apart from the burden inherent in having to defend it; those factors weigh in favor of a discretionary extension. *See Overbay*, 2017 WL 1377374, at *5. However, no remaining factor also counsels for granting leave. This lawsuit was filed well over a year ago and any further extension of the service period is certainly "significant."[3]

---

[2]    In their motion to dismiss, Defendants do not say explicitly whether they received a copy of either the original complaint or the amended complaint with the summonses that were issued on December 22, 2017. (Doc. No. 22, PageID# 104.)

[3]    Although Campbell's § 1983 and § 1985 claims may be time-barred if he refiles this action, his claims under RLUIPA would not be and thus dismissal without prejudice of Campbell's claims would not prejudice him "substantially." Actions brought under 42 U.S.C. § 1983 "are governed by the state-law statute of limitations for personal-injury torts," *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 124 (2005); *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007), which, in Tennessee, is one year. Tenn. Code Ann. § 28-3-104(a)(1)(A); *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016). Claims under 42 U.S.C. § 1985 are also governed

*Id.* Finally, Campbell's failure to follow the Court's orders and respond to Defendants' motion to dismiss weighs heavily in this analysis. *See Mann v. Castiel*, 729 F. Supp. 2d 191, 199 (D.D.C. 2010) (holding that there was no reason to further extend the time for service under Rule 4(m) where the plaintiffs had squandered the "ample notice and opportunity" they had been given to remedy their noncompliance and had "not even bother[ed] to respond" to defendants' motion to dismiss for insufficient service), *aff'd*, *Mann*, 681 F.3d 368 (D.C. Cir. 2012)). Despite clear instructions from the Court, Campbell has still not filed proof of service that complies with Rule 4(l)(1). Further, under Local Rule 7.01, Campbell's failure to respond in opposition to Defendants' motion to dismiss indicates that he does not oppose it. M.D. Tenn. Rule 7.01(b) (response); *see also Mann*, 729 F. Supp. 2d at 199 (noting, in light of a similar local rule, that plaintiffs' failure to respond to defendants' motion to dismiss for insufficient service was "a dispositive oversight in itself").

---

by a one-year statute of limitations. *Mitchell v. Taylor*, No. 3:15-1310, 2016 WL 3362359, at *7 (M.D. Tenn. June 17, 2016) (citing *Carver v. U-Haul Co.*, No. 86-6166, 1987 WL 44437, at *1 (6th Cir. Oct. 2, 1987)); *Windsor v. Fed. Exec. Agency*, 614 F. Supp. 1255, 1261–62 (M.D. Tenn. 1983). Claims under the RLUIPA, on the other hand, are subject to a four-year statute of limitations. *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012); *Adams v. Woodall*, No. 3:14-CV-00020, 2015 WL 998324, at *3 (M.D. Tenn. Mar. 4, 2015).

  Although Campbell's complaint also asserts violations of the RFRA, the DTA, and 18 U.S.C. §§ 242 and 247, the Court need not analyze whether those claims would be time-barred if Campbell were to refile because they are not viable. RFRA has been held unconstitutional as applied to the states and therefore can only support a cause of action against the federal government. *See Gen. Conference Corp. of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 410 (6th Cir. 2010) (citing *City of Boerne v. Flores*, 521 U.S. 507, 532–36 (1997) and *Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal*, 546 U.S. 418, 436 (2006)). The DTA applies to individuals "in the custody or under the physical control of the United States Government," 42 U.S.C. § 2000dd(a), and "prohibits Department of Defense officials from using any [interrogation] techniques not authorized by the United States Army Field Manual on Intelligence Interrogation." *Doe v. Rumsfeld*, 683 F.3d 390, 397 (D.C. Cir. 2012). 18 U.S.C. §§ 242 and 247 are criminal statutes. 18 U.S.C. §§ 242, 247.

It would be inappropriate for the Court to grant Campbell additional time to effect and prove proper service in the absence of any indication from him that such an outcome is what he seeks. Defendants' motion to dismiss should therefore be granted, and Campbell's claims against all Defendants dismissed without prejudice.[4] This outcome is consistent with Local Rule 41.01, which provides that, when "[a] civil action . . . has been on the docket for six (6) months without any responsive pleading or other court proceedings taken therein," as is the case here, it "shall be dismissed [without prejudice] as a matter of course . . . ."[5] M.D. Tenn. Rule 41.01 (dismissal of inactive cases).

## IV. Recommendation

The Magistrate Judge RECOMMENDS that Defendants' motion to dismiss (Doc. No. 21) be GRANTED and that Campbell's claims be DISMISSED without prejudice.

All parties have fourteen days after being served with this report and recommendation in which to file any objections. A party opposing any objections filed has fourteen days after being served with a copy of the objections in which to file a response. Fed. R. Civ. P. 72(b)(2). Failure

---

[4] Although the motion to dismiss has not been brought on behalf of McFarland or on behalf of Arnold, to the extent he has been sued in his individual capacity, dismissal of Campbell's claims against them for noncompliance with Rule 4(m) is justified for the reasons offered above. (Doc. No. 21, PageID# 100 n.2.) Under Rule 4(m), the Court may sua sponte dismiss a plaintiff's claims against unserved defendants without prejudice if the plaintiff has received notice. Fed. R. Civ. P. 4(m). The Court's November 27, 2017 order constituted such notice, warning Campbell that "[f]ailure to provide proof that any defendant was served within the time provided for service of process under Rule 4(m) may result in the recommendation that Campbell's action against the unserved defendant be dismissed without prejudice." (Doc. No. 11, PageID# 52.)

[5] Defendants briefly argue that Campbell's failure to comply with the Court's November 27, 2017 order—which required him to file proof of service by December 27, 2017—"should result in a dismissal of the Complaint . . . ." (Doc. No. 22, PageID# 104.) This is an argument for dismissal, not under Rule 12(b)(4) or 12(b)(5), but under Rule 41(b), which allows a Court to dismiss an action when the plaintiff has failed to comply with, among other things, "a court order." Fed. R. Civ. P. 41(b). Having found that Defendants' motion to dismiss for insufficient service of process has merit, the Court need not address this alternative basis for dismissal.

to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of further appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Entered this 23rd day of August, 2018.

ALISTAIR E. NEWBERN
United States Magistrate Judge