# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **DESMOND JABARI CAMPBELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:17-cv-00797 |
| ) | Chief Judge Crenshaw |
| **RUTHERFORD COUNTY,** ) | |
| **TENNESSEE,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

The Magistrate Judge has entered a Report and Recommendation in which she recommends that Plaintiff's Motion to Amend (Doc. No. 12) be denied as moot, that Defendants' Motion to Dismiss (Doc. No. 21) be granted, and that the claims in this case be dismissed without prejudice. The basis for the recommendation is Plaintiff's repeated failure to show that service has been made on Defendants.

Plaintiff has filed a "Response in opposition to the Magistrate Judge['s] Recommendation; Request for an extension of time; and Request for Judgement [sic] by Default," (Doc. No. 26) in which he asks that he be given more time to effect service. That request comes way too late. He also asks that a default judgment be entered in his favor, even though proper service of his Complaint has not been shown.

This case was filed on May 3, 2017, and, to date, service has not been established. On July 17, 2017, after his request to proceed *in forma pauperis* was denied, Plaintiff was informed by the Court that "he is responsible for effective service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure." (Doc. No. 10 at 1). When the record showed that proof of service had not been made by November 27, 2017, the Magistrate Judge entered an Order requiring that Plaintiff "file

proof of service as required by Rule 4—by the affidavit of a person qualified to serve a summons or complaint or as otherwise permitted—on or before December 27, 2017." (Doc. No. 11 at 2). Plaintiff was also informed that "[f]ailure to provide proof that any defendant was served within the time provided for service of process under Rule 4(m) may result in the recommendation that [his] action against the unserved defendants be dismissed without prejudice. Fed. R. Civ. P. 4(m)." (Id.).

The December 27, 2017 deadline came and went, and Plaintiff ignored the Magistrate Judge's directive. Instead, on January 11, 2018, he filed a number of copies of Summons with attached green cards suggesting that service has been made. However, there was no affidavit of service as required by both Rule 4(1)(1) and the November 27, 2017 Order. Nor was there any indication whether the summonses were accompanied with the original complaint or a proposed Amended Complaint for which leave to file had been sought, but not yet granted.

Without good case being shown for failing to establish service, see, Stewart v. Tennessee Valley Auth., 2000 WL 1785749, at *2 (6th Cir. Nov. 21, 2000), the Magistrate Judge properly recognized that whether to extend time to permit untimely service is a matter of discretion involving consideration of various factors, see, Overbay v. Israel, 2017 WL 1377374, at *3–5 (E.D. Tenn. Mar. 24, 2017). She properly weighed those factors and implicitly held that, as some point, the failure to comply with Court Orders and the Federal Rules of Civil Procedure must come with consequences. The consequences here are that the Complaint be dismissed without prejudice to refiling, at which point Plaintiff will have hopefully learned from his past mistakes.

Accordingly, the Report and Recommendation (Doc. No. 25) is **APPROVED** and **ADOPTED**; Plaintiff's Response in opposition to the Magistrate Judge['s] Recommendation; Request for an extension of time; and Request for Judgement [sic] by Default," (Doc. No. 26) is **DENIED**; Defendants' Motion to Dismiss Doc. No. 21) is **GRANTED**; and this case is hereby

**DISMISSED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE